**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAURA S. BELLINGER,

          Plaintiff-Appellant,

v.

COOS BAY SCHOOL DISTRICT,

          Defendant-Appellee.

No.   14-36003

D.C. No. 6:13-cv-01443-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted October 4, 2017[**]
Portland, Oregon

Before: PAEZ and BEA, Circuit Judges, and LAMBERTH,[***] District Judge.

Laura Bellinger filed suit against Coos Bay School District ("CBSD"),

alleging violation of the Age Discrimination in Employment Act ("ADEA"), 29

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]      The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

U.S.C. § 621 *et seq.* Bellinger appeals the district court's order granting CBSD's motion for summary judgment on the ground that Bellinger failed to establish a prima facie case of age discrimination. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Where there is no direct evidence of discrimination, ADEA claims are governed by the burden-shifting framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). Pursuant to this framework, a plaintiff first must establish a prima facie case to create a presumption of unlawful discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). If the plaintiff establishes a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Diaz*, 521 F.3d at 1207. "If defendant meets this burden, plaintiff[] must then raise a triable issue of material fact as to whether the defendant's proffered reasons for [the adverse employment action] are mere pretext for unlawful discrimination." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010).

At the time Bellinger applied for the two permanent teaching positions at Millicoma, she was a substitute teacher who worked intermittently for various

school districts, including CBSD.  Bellinger was not a permanent teacher applying for a promotion.  When a substitute teacher applies for a permanent teaching position, but is not hired, we apply a "failure to hire" standard to determine whether the plaintiff has established a prima facie case of discrimination.  *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1188, 1193 n.6 (9th Cir. 2003).

Under the failure to hire standard, "[a] plaintiff makes out a prima facie case of intentional discrimination under the ADEA if he demonstrates that he was within the protected class of individuals between forty and seventy years of age, that he applied for a position for which he was qualified, and that a younger person *with similar qualifications* received the position."  *Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987) (emphasis added).  "A plaintiff's failure to offer evidence establishing a necessary element of his prima facie case will ordinarily be fatal to his claim."  *Lyons v. England*, 307 F.3d 1092, 1113 (9th Cir. 2002).

It is undisputed that Bellinger was over the age of 40, she met the minimum requirements for the Millicoma teaching positions, and she was not hired for the positions.  Bellinger did not argue at the district court, nor does she argue on appeal, that she was similarly situated to the successful applicants, and indeed she

3

wasn't.  The teachers hired had advanced degrees, which Bellinger lacked.

Accordingly, Bellinger failed to establish a prima facie case of age discrimination.

**AFFIRMED.**